Judgment rendered September 23, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,613-JAC

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA
IN THE INTEREST OF
K.A.S. and D.R.S.

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 3791

Honorable Jacque Derr, Judge

* * * * *

| | |
|---|---|
| JAMES E. CALHOUN | Counsel for Appellant, B.N.S., Mother |
| RICHARD C. NEVILS District Attorney | Counsel for Appellee, State of Louisiana |
| MATTHEW S. KELLEY Assistant District Attorney | |
| RUBY N. FREEMAN | Counsel for Appellee, State of Louisiana, DCFS |
| LEGAL SERVICES OF NORTH LOUISIANA By: Jacqueline C. Williams | Counsel for Appellees, K.A.S. and D.R.S., Children |
| HERMAN A. CASTETE | Counsel for Appellee, T.L., Father |

* * * * *

Before WILLIAMS, COX, and STEPHENS, JJ.

**WILLIAMS, C.J.**

The appellant, Brianna S., appeals a judgment terminating her parental rights to the minor children, K.A.S. and D.R.S.[1] The trial court found that Brianna S. had not complied with the case plan by failing to pay the required parental contributions and that there was no reasonable expectation of significant improvement in her conduct in the near future. For the following reasons, we reverse and remand for further proceedings.

## FACTS

Brianna S. is the mother of the minor children, K.A.S. and D.R.S., who are twins. On May 31, 2018, Brianna S. was arrested for failure to appear and driving under suspension. She placed the children in the care of Casey Williford at the time. On June 8, 2018, Williford was arrested while driving with the children, who were 2 years old. Because Brianna S. was still incarcerated, the children were placed in the custody of the Louisiana Department of Children and Family Services ("DCFS"). In support of the instanter order, DCFS submitted an affidavit stating that Brianna S. has an extensive history with the agency and that she did not have stable housing prior to her incarceration. The affidavit stated that Brianna S. had admitted she had been living from hotel to hotel and using methamphetamines. Brianna S. was not employed at the time. When the children were taken into the custody of DCFS in June 2018, both had open sores on their arms and legs.

---

[1] Because this is a juvenile matter, the initial of the last name of the parent is used in lieu of her full name to protect the privacy of the parties. Likewise, the initials of the minor children are used in accordance with URCA Rule 5-2.

On October 8, 2018, K.A.S. and D.R.S. were adjudicated children in need of care. In December 2018, a case plan for services for Brianna S. filed by DCFS was approved by the court. On February 26, 2019, DCFS filed a petition for termination of parental rights alleging the grounds that Brianna had failed to comply with the case plan and had abandoned the children by failing to pay the required parental contributions. Brianna S. filed a motion to recuse the Winn Parish office of DCFS on the ground that she had been charged with a crime after a conflict with an employee of that office. The district court denied the motion as untimely based on the prior disposition of the matter. In May 2019, DCFS filed an amended petition. Brianna S.'s motion to strike the amended petition was later granted.

At the termination hearing in November 2019, the father of the children stipulated to the termination of his parental rights. The trial court heard witness testimony regarding the efforts of Brianna S. under the case plan. After the hearing, the trial court issued written reasons finding that Brianna S. did not take steps to comply with the case plan or to pay the required parental contributions for the children until after the petition for termination was filed. The trial court also found that based on Brianna S.'s past failure to attend appointments for substance abuse evaluations and her positive drug tests, there was no reasonable expectation of significant improvement in her conduct in the near future. In January 2020, the trial court rendered judgment terminating the parental rights of Brianna S. and certifying the children for adoption. Brianna S. appeals the judgment.

**DISCUSSION**

In the first assignment of error, Brianna S. contends the trial court erred in denying her motion to recuse the DCFS office in Winn Parish after

2

she was charged with battery of an employee of that office. However, we note that Brianna S. did not present an argument in her appellate briefs to support her contention.

Assignments of error that are not briefed or argued on appeal are considered abandoned. URCA Rule 2-12.4; *State v. Hahn*, 526 So.2d 260 (La. App. 2 Cir. 1988), *writ denied*, 532 So.2d 150 (La. 1988); *Magee v. West Jefferson Levee District*, 2017-294 (La. App. 5 Cir. 12/13/17), 235 So.3d 1230. In this case, although Brianna S. states in her reply brief that the trial court's ruling is reviewable on appeal, she does not provide argument addressing the issue assigned as error. Thus, this assignment of error is deemed abandoned.

Brianna S. contends the trial court erred in finding that she abandoned the children for failure to pay the parental contributions required under the case plan. Brianna S. argues that the state failed to prove abandonment because the record does not show that she failed to pay child support under the case plan for six consecutive months before the petition to terminate was filed.

A parent has a constitutionally protected liberty interest in establishing and maintaining a meaningful relationship with her children. Congruent with the parental interest, the state has a legitimate interest in limiting or terminating parental rights under certain conditions. *State ex rel. B.H. v. A.H.*, 42,864 (La. App. 2 Cir. 10/24/07), 968 So.2d 881. The state has the burden of proving one of the statutory grounds for termination by clear and convincing evidence. La. Ch. C. art. 1035; *State in the Interest of A.L.D.*, 2018-1271 (La. 1/30/19), 263 So.3d 860. Once a ground for termination has been established, the court may terminate parental rights if

the termination is in the best interest of the children. La. Ch. C. art. 1039. In termination of parental rights cases, the trial court's factual findings will not be set aside in the absence of manifest error. *State ex rel. B.H. v. A.H., supra.*

The grounds for involuntary termination of parental rights are enumerated in La. Ch. C. art. 1015 and include abandonment of the child. Under the Children's Code, abandonment is shown by evidence that, at the time the petition to terminate is filed, the parent has failed to provide significant contributions to the child's care for any period of six consecutive months. La. Ch. C. art. 1015(5)(b).

In this matter, the first case plan contained in the record is dated November 30, 2018, and required Brianna S. to pay a monthly parental contribution of $10 per child if unemployed and $25 per child if employed. The trial court approved this plan in the judgment of December 10, 2018, less than six months before the petition to terminate parental rights was filed in February 2019.

At the termination hearing, the state's witness, Sholanda Jackson, testified that Brianna S. had paid in full the financial contributions required in the case plan. In the subsequent written reasons for judgment, the trial court noted that Brianna S. did not pay these parental contributions until after the termination petition was filed and found that as a result, Brianna S. had abandoned the children under Article 1015(5)(b).

In *State in the Interest of C.A.C.*, 2011-1315 (La. App. 4 Cir. 2/1/12), 85 So.3d 142, *writ denied*, 2012-0388 (La. 3/7/12), 83 So.3d 1048, the court found that fairness requires that the six-month period stated in Article 1015(5)(b) should begin on the date the parent was provided with a copy of

4

the case plan. Here, Brianna S. was provided with a copy of the case plan in November 2018 and the trial court approved the case plan in December 2018. Thus, the record does not support a finding that Brianna S. failed to pay the parental contributions required by the case plan for a period of six consecutive months before the termination petition was filed in February 2019. Consequently, the trial court erred in concluding the state proved abandonment by clear and convincing evidence pursuant to Article 1015(5)(b).

In two assignments of error, Brianna S. contends the trial court erred in excluding evidence of her post-petition actions to comply with the case plan and in finding no substantial parental compliance with the case plan and no reasonable expectation of significant improvement in the parent's conduct in the future. Brianna S. argues that she presented evidence showing her progress in addressing the conditions that resulted in the removal of the children.

Under the Children's Code, a ground for termination of parental rights is established when, unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody, there has been no substantial parental compliance with a case plan which has been previously filed by DCFS and approved by the court as necessary for the safe return of the child, and there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future. La. Ch. C. art. 1015(6).

At the November 2019 termination hearing in this case, the DCFS case worker, Sholanda Jackson, testified that the children had been taken into state custody in June 2018, when Brianna S. was incarcerated, and they

5

seemed to be doing well in their foster home placement. Jackson stated that at the time the termination petition was filed in February 2019, Brianna S. was homeless, was not employed and had not participated in drug abuse treatment. Jackson testified that DCFS had referred Brianna S. for substance abuse evaluations several times in August and October 2018, but she missed those appointments. Jackson stated that Brianna S. had tested positive for methamphetamines in hair follicle drug screens performed in June 2018, November 2018, and March 2019. However, Jackson testified that at the time of the hearing, Brianna S. was living in a two-bedroom apartment in Monroe that was suitable for the children, she had completed an inpatient drug treatment program at Pecan Haven and performed outpatient treatment while residing at Sober Living in Monroe. Jackson stated that during this treatment, Brianna S. had submitted weekly urine drug screens that were negative. Jackson testified that Brianna S. was currently getting mental health treatment at Monroe Behavioral Health and was employed at a law office in Monroe with adequate income to meet the needs of the children. Jackson stated that although in the past Brianna S. had followed a pattern of doing well for a period of time and then relapsing, this time Brianna S. had made more progress in improving her situation than previously.

Brianna S. testified that before the petition to terminate was filed in February 2019, she had consistently visited the children and had applied for Medicaid, but there was a delay in getting approved for Medicaid because she lacked a permanent address at the time. Brianna S. stated that without medical insurance, she could not afford to go to the drug abuse evaluation referrals from the state prior to the filing of the petition. Brianna S. explained that even though DCFS would pay for the initial visit, she would

have been required to personally pay the costs of additional visits and she was unable to afford such an expense. Brianna S. testified that the week after getting approved for Medicaid, she went to inpatient drug treatment at Pecan Haven in March 2019, and following her completion of that program she moved to the Sober Living residence for four months of outpatient treatment. Brianna S. stated that while at Sober Living, she began working as a waitress, saved money to buy a car and later was hired for a full-time receptionist position at a law office in Monroe. Brianna S. testified that while residing at Sober Living, she submitted weekly urine drug screens that were negative. Brianna S. acknowledged that she had previously used drugs with periods of sobriety and had relapsed at times, but the different factor now is that she actively participates in treatment programs through attending AA meetings and sponsoring other women. Brianna S. testified that she has resolved all of her legal issues and does not have any pending charges. Brianna S. stated that she has her own residence and that she will have help from her mother in caring for the children if they are returned.

At the termination hearing, the state objected to the admission of evidence concerning Brianna S.'s post-petition actions in complying with the case plan requirements. The trial court informed the parties that it would allow the testimony regarding her post-petition efforts and then decide whether to consider such evidence after reviewing the parties' briefs. In its subsequent written reasons, the trial court noted that Brianna S. did not begin to comply with the case plan until after the petition to terminate her parental rights was filed, that she had missed several substance abuse evaluation appointments and had tested positive for methamphetamines. The trial court's findings that Brianna S. did not comply with the case plan

and that there was no reasonable expectation of significant improvement in her conduct in the near future indicate that the trial court did not consider the evidence presented showing Brianna S.'s post-petition compliance with the case plan.

In their appellate briefs, the state and attorney for the children assert that the trial court correctly declined to consider the evidence of Brianna S.'s post-petition acts of rehabilitation, but the authority cited does not support their position. Contrary to the appellees' assertion, Article 1015(6) does not limit the court to consider only a parent's acts of rehabilitation performed prior to the filing of the termination petition. Brianna S. testified that she was hindered in complying with the case plan earlier because of her lack of income and transportation. This testimony was not rebutted and the state's witness did not identify any steps taken by DCFS to assist Brianna S. with those difficulties in complying with the case plan.

After reviewing this record and the applicable law, we find that the trial court erred in failing to consider the evidence of Brianna S.'s compliance with the case plan that occurred subsequent to the filing of the termination petition. Contrary to the trial court's statements in its written reasons, the DCFS case worker's testimony corroborated that of Brianna S. that she had completed drug treatment, secured suitable housing and was employed. Thus, the trial court was clearly wrong in finding that the state proved by clear and convincing evidence that Brianna S. had failed to substantially comply with the requirements of the case plan that were necessary for the return of her children.

Additionally, based upon the evidence presented regarding Brianna's progress in completing drug treatment, securing adequate housing for the

8

children and maintaining employment, the trial court erred in finding clear and convincing evidence that there was no reasonable expectation of significant improvement in Brianna S.'s condition or conduct in the near future. As stated above, the trial court incorrectly disregarded the rehabilitative acts that occurred after the filing of the petition to terminate parental rights.

Accordingly, we shall reverse the judgment terminating the parental rights of Brianna S. and remand this matter to the district court for a hearing to determine whether reunification of the children with Brianna S. should be the goal of this proceeding based on the evidence of her current employment status and her drug treatment rehabilitation efforts. The trial court shall make this determination after considering all of the evidence presented by Brianna S. and the state.

## CONCLUSION

For the foregoing reasons, the trial court's judgment terminating the parental rights of Brianna S. and certifying the children, K.A.S. and D.R.S., for adoption is hereby reversed. This matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**